

**FILED**
**Feb 16, 2022**
**10:00 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**


## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Reazkallah Abdelshahaed | ) Docket No. 2021-05-0273 |
| | ) |
| v. | ) State File No. 800173-2021 |
| | ) |
| Taylor Fresh Foods, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts he injured his knee when a supervisor assaulted him at work. The employer denied the incident happened. In a decision on the record, the trial court denied the employee's claim for medical and temporary disability benefits, concluding the employee had failed to prove the occurrence of a work-related incident. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Reazkallah Abdelshahaed, LaVergne, Tennessee, employee-appellant, pro se

Peter S. Rosen, Nashville, Tennessee, for the employer-appellee, Taylor Fresh Foods, Inc.

### Memorandum Opinion[1]

Reazkallah Abdelshahaed ("Employee") alleges he was assaulted by a supervisor on October 16, 2020, while in the course and scope of his employment with Taylor Fresh Foods, Inc. ("Employer"). Specifically, Employee alleges a supervisor told him to go home and pushed him, resulting in his falling and injuring his knee.

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

Following the alleged incident, Employee called the police. Officer M.W. Richert with the Smyrna Police Department completed an incident report detailing a conversation with Employee and Employee's son, who translated for Employee. The incident report noted that Employee claimed his supervisor "shoved him while telling him to go home and [made] him cry." Officer Richert was unable to speak with Employee's supervisor, Carmin Colon, as she had already left work for the evening. However, the officer obtained additional statements from two witnesses who observed the incident, Hayder Alhashemi and Ahmed Hussein. According to Officer Richert, both witnesses stated Ms. Colon "never touched [Employee] or pushed him in any way . . . [and] anytime anyone upsets [Employee] for any reason he makes a complaint to their human resources office." Before releasing Employee from the scene, Officer Richert explained the process for Employee to attempt to seek warrants against Ms. Colon for the alleged assault, but there is no indication in the record that Employee ever followed up in this regard.

Employer terminated Employee on November 9, 2020, citing his alleged "[v]iolation of company policies including failure to follow valid work instructions, engaging in emotional outbursts and creating disruption to the workplace, unsafe behaviors, and unprofessional conduct towards staff." Approximately four months later, Employee filed a petition for workers' compensation benefits, and, following an unsuccessful mediation, a dispute certification notice was issued in June 2021. Thereafter, Employee filed a request for hearing in which he indicated he was not seeking an in-person evidentiary hearing pursuant to Tenn. Comp. R. and Regs. 0800-02-21-.15(1)(e). Employer filed a response, stating it would prefer an in-person hearing with witnesses; however, the trial court determined Employer's objection was insufficient to support a denial of Employee's request. As a result, the trial court considered this case on the record without an evidentiary hearing.

The trial court identified the materials it considered in its review, including Employee's Rule 72 declaration and four "work status reports" submitted by Employee, the earliest of which was dated August 6, 2020, approximately two months prior to the date of Employee's alleged injury. Two of the reports noted a preliminary diagnosis of "right knee strain," and the remaining two identified "bilateral knee" as the preliminary diagnosis.[2] The court also considered four written statements of Employee's co-workers and Officer Richert's report.

The trial court noted that Employee's version of events was "contradicted by several written statements, as well as the police report." In addition, the court determined that the medical records filed by Employee failed to support his assertion that he suffered an injury on October 16, 2020. As a result, the trial court denied Employee's request for medical and temporary disability benefits. Employee has appealed.

---

[2] The court also considered a second statement submitted by Employee; however, it referenced a finger injury.

Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In his notice of appeal, Employee appears to assert that the statements obtained from his co-workers should not have been considered by the trial court since the co-workers did not work in the same department as him and "there is hatred between them" due to religious differences. He also appears to take issue with Employer allegedly "[refusing] to register" the purported assault and claims he also suffers arthritis due to the cold work conditions in Employer's factory. Employee has not filed a brief in support of his appeal, and we are unable to discern any factual or legal issues for review from Employee's email response to Employer's brief on appeal. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise. Moreover, in light of the deficiencies in the record on appeal and consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). Accordingly, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2021-05-0273 |
| | ) | |
| v. | ) | State File No. 800173-2021 |
| | ) | |
| Taylor Fresh Foods, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of February, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | | X | reazkallahabdelshahaed@yahoo.com<br>456 Cedar Park Cir.<br>LaVergne, TN 37086 |
| Peter Rosen | | | | X | prosen@vkbarlaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov